1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PHILLIP SEMPER, et al.,

Plaintiff(s),

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,

Defendant(s).

Case No. 2:20-CV-1875 JCM (EJY)

ORDER

Presently before the court is the Las Vegas Metropolitan Police Department ("LVMPD"), Joseph Lombardo, Andrew Bauman, Matthew Kravetz, Supreet Kaur, David Jeong, and Theron Young's, (collectively "LVMPD defendants") motion for partial dismissal of plaintiffs' complaint. (ECF No. 17). Plaintiffs Phillip Semper, Corey Johnson, Ashley Medlock, Cory Bass, Michael Green, Demarlo Riley, Breanna Nellums, Clinton Reece, Antonio Williams, Lonicia Bowie, Carlos Bass, and Demetreus Beard responded, (ECF No. 27), to which, the LVMPD defendants replied, (ECF No. 33).

I.      **Background**

This is a civil rights case brought under 42 U.S.C. § 1983. On August 19, 2018, plaintiffs attended a birthday celebration in a hotel room suite located at the Rio Hotel and Casino ("Rio") (ECF No. 17). Meanwhile, members of the LVMPD's gang unit had intel that led them to believe that three males were at a hotel party carrying firearms. In the early morning, after 2:00 a.m., Rio security received a complaint from a guest about noise and the smell of marijuana coming out of room 2037—the room that plaintiffs occupied. (*Id.*).

James C. Mahan
U.S. District Judge

1   LVMPD officers, operating as marked patrol units, arrived at Rio and spoke with

2   security.  (*Id*.).  Officers advised Rio security that they believed a "gang party" was taking place

3   on the premises.  (*Id*.).  Based on all prior complaints, Rio personnel believed a party occurring

4   in room 2037.  (*Id*.).  All thirty-four guests who attended the party in room 2037 were black.

5   (*Id*.).  Plaintiffs allege that another party at the Rio that night, with predominantly white guests,

6   was not flagged as a gang party by the LVMPD defendants.  (ECF No. 27).

7   LVMPD officers went to room 2037, outside the view of the door's peephole, while Rio

8   security knocked on the door and advised plaintiff Cory Bass that everyone would have to leave.

9   (ECF No. 17).  Cory Bass objected, claiming that no warning had been given.  (*Id*.).  Within one

10  minute of this interaction, LVMPD defendants announced their presence and instructed all guests

11  to line up in the hotel room foyer.  (ECF Nos. 17, 27).  The guests complied with the LVMPD's

12  instruction and waited in line while more officers arrived on the scene.  (ECF No. 27).  Multiple

13  plaintiffs asked if they were free to leave.  LVMPD officers responded that they could not leave

14  until they were frisked.  (*Id*.).

15  Next, LVMPD officers escorted each guest individually out of the hotel room into the

16  hallway where the guests were handcuffed, checked for identification, and frisked for weapons.

17  (ECF Nos. 17, 27).  This occurred for six hours, and plaintiffs were forced to sit up against the

18  wall of the hallway the entire time.  (*Id*.).  Plaintiffs had no access to food, water, or restrooms

19  during this time.  (*Id*.).  Cory Bass, one of the three men suspected of carrying a firearm, was

20  found not to be in possession of a firearm.  (ECF Nos. 17, 27).  The other two suspected males

21  were not present when the LVMPD arrived.  (*Id*.).     No one was arrested that night for any

22  criminal gang activity.  (*Id*.).

23  On October 8, 2020 plaintiffs initiated this suit, bringing fourteen claims for relief.  (ECF

24  No. 17).  Plaintiff alleges that LVMPD defendants have violated 1) Title VI of the Civil Rights

25  Act of 1964 ("Title VI") and 2) the Fourth Amendment rights to be free from unreasonable

26  search and seizure.  (ECF No. 27).  Additionally, plaintiffs argue that their state claims must be

27  heard due to their compliance with the notice requirement in NRS 41.036(2).

28

**James C. Mahan**
**U.S. District Judge**

1    LVMPD defendants now move for partial dismissal of plaintiffs' claims.  (ECF No. 17).

2    Plaintiffs have limited their opposition to only the Title VI, Fourth Amendment, and notice

3    claims.  (*Id*.).   Plaintiffs concede to defendants' motion for partial dismissal requesting that 1)

4    Lombardo be dismissed from this lawsuit, 2) that individual defendants, Bauman, Kravetz, Kaur,

5    Jeong, and Young should be dismissed from plaintiffs' first cause of action asserting a Title VI

6    claim, 3) plaintiffs' Fourteenth Amendment claims for violation of the right to equal protection

7    be dismissed as it is subsumed by plaintiffs' Title VI claim, and 4) plaintiffs' negligent training,

8    supervision, and retention claims be dismissed.  (*Id*.).

9    **II.    Legal Standard**

10    A court may dismiss a complaint for "failure to state a claim upon which relief can be

11    granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

12    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

13    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed

14    factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of

15    the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

16    omitted).

17    "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

18    U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

19    matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation

20    omitted).

21    In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

22    when considering motions to dismiss.  First, the court must accept as true all well-pled factual

23    allegations in the complaint; however, legal conclusions are not entitled to the assumption of

24    truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by

25    conclusory statements, do not suffice.  *Id.* at 678.

26    Second, the court must consider whether the factual allegations in the complaint allege a

27    plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

28

**James C. Mahan**
**U.S. District Judge**

alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III.    Discussion

Plaintiffs concede to several of defendants' requests for dismissal.    (ECF No. 27).  Accordingly, this court grants the LVMPD defendants' partial motion to dismiss as to plaintiffs' second, third, and fourteenth causes of action.   Additionally, defendant Joseph Lombardo is dismissed from this instant lawsuit.

The parties remaining disputes involve violation of Title VI of the Civil Rights Act, violation of the Fourth Amendment's equal protection clause, and insufficient notice under NRS 41.036(2) claims.  (ECF Nos. 27, 33).

### A.  Title VI

Under Title VI,  "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.  Furthermore, section 1983 claims based upon equal protection violations must plead

1    intentional unlawful discrimination or alleged facts that are at least susceptible of an inference of

2    discriminatory intent.  *See Monteiro v. Tempe Union High Sch. Dist*., 158 F.3d 1022, 1026 (9th

3    Cir. 1998).  Under Title VI, however, the Ninth Circuit has required only that the complaint

4    allege that the defendant is engaging in discrimination.  *Id*.  To make a claim under 42 U.S.C. §

5    2000d, "a plaintiff must allege that (1) the entity involved is engaging in racial discrimination;

6    and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health*

7    *Sys. Corp.,* 29 F.3d 1439, 1447 (9th Cir.1994) (citations omitted), *overruled on other grounds*

8    *by Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131 (9th Cir.2001).

9          The LVMPD defendants argue that plaintiffs "must allege facts that plausibly suggest

10   that LVMPD [d]efendants' conduct was discriminatory or motivated by some racial bias."  (ECF

11   No. 33); *see also Williams v. Dep't of Fair Employment and Housing*, 2013 WL 4501017 (S.D.

12   Cal. August 21, 2013).

13         Here, plaintiffs allege that the LVMPD defendants engaged in racial discrimination

14   through the surveillance methods of the gang crime section.  (ECF No. 27).  Plaintiffs allege that

15   the gang crime surveillance program was the initiating event discriminatorily led to the breakup

16   of a party attended by all black guests but not one attended by predominantly white guests.  (*Id*.)

17   Plaintiffs further argue that these surveillance methods have a discriminatory impact on people

18   of color living in Clark County.   (*Id*.).   Furthermore, plaintiffs argue that the LVMPD

19   defendants make up a federally assisted program.

20         These allegations make out plausible "facts that are at least susceptible of an inference of

21   discriminatory intent."  *Montiero*, 158 F.3d at 1026.  Thus, plaintiffs' first cause of action

22   survives the instant motion to dismiss.

23         *B.  Fourth Amendment*

24         Next, the LVMPD defendants argue that plaintiffs' claims for violations of the right to be

25   free from unreasonable search and the right to be free from unlawful detention fail.  (ECF Nos.

26   17, 33).  The LVMPD defendants argue that the officers had a reasonable suspicion warranting a

27   *Terry* stop of plaintiffs.  *See Terry v. Ohio*, 392 U.S. 1 (1968).  Therefore, the LVMPD

28   defendants should have qualified immunity for the detention of plaintiffs.  (*Id*.).

**James C. Mahan**
**U.S. District Judge**

1    Plaintiffs argue that even if a reasonable suspicion was present for a *Terry* stop, LVPMD

2    defendants subjected plaintiffs to an illegal detention beyond the scope of a brief *Terry* stop.

3    (ECF No. 27).   This court agrees.

4    The Fourth Amendment guarantees a citizen's right to be free from "unreasonable

5    searches and seizures."  U.S. Const. Art. IV.  A *Terry* stop, also known as a stop and frisk, is a

6    seizure within the meaning of the Fourth Amendment.  A police officer must have a reasonable

7    suspicion that "criminal activity may be afoot," *United States v. Job*, 871 F.3d 852, 860 (9th Cir.

8    2017), which means, that an individual is armed, engaged, or about to engage in a crime.  *Terry*,

9    392 U.S. at 24.  If a reasonable suspicion is present, then an officer may *briefly* stop and detain

10   an individual for a stop and frisk.  *Id.*  The "reasonableness" of a seizure, including an arrest of a

11   person, "depends not only on *when* it is made, but also on *how* it is carried out." *Graham*, 490

12   U.S. at 395 (internal citations omitted) (emphasis in original).  The relevant inquiry is "whether

13   the officers' actions are 'objectively reasonable' in light of the facts and circumstances

14   confronting them." *Id.* at 397.

15   The reasonableness inquiry of a seizure is balanced between the "nature and quality of

16   the intrusion on the   individual's Fourth Amendment interests against the countervailing

17   government interests at stake."  *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal

18   citation and quotation marks omitted).   A court evaluates the strength of the government's

19   interest in using force—deadly or otherwise—by examining three factors: 1) "whether the

20   suspect poses an immediate threat to the safety of the officers or others," 2) "the severity of the

21   crime at issue," and 3) "whether he is actively resisting arrest or attempting to evade arrest by

22   flight."  *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011) (internal citation and quotation

23   marks omitted).   Of all the factors, the "most important" is whether the individual posed an

24   immediate threat to the safety of the officers or others.  *Bryan v. MacPherson*, 630 F.3d 805, 826

25   (9th Cir. 2010) (internal citation and quotation marks omitted) ("*Bryan*").   Courts "examine the

26   totality of the circumstances and consider whatever specific factors may be appropriate in a

27   particular case." *Id.*

28

James C. Mahan
U.S. District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Under the totality of the circumstances, plaintiffs bring sufficient facts to state a Fourth Amendment claim against LVMPD defendants.  It is alleged that the LVMPD defendants used the unconfirmed smell of marijuana to search all thirty-four individuals for weapons.  (ECF No. 27).  To justify their actions, the LVMPD defendants claim that they were outnumbered.  (ECF No. 17).  However, plaintiffs maintain that they never threatened the LVMPD and followed all instructions given to them.  (ECF No. 27).  This included lining up in the hotel room, *individually* being escorted out of the hotel into the hallway, *individually* being handcuffed, and then remaining there for more than 6 hours without food or water.  (*Id*.).  Finally, the thirty-four guests were a mix of men and women; yet LVMPD gang intel *only* articulated that three *men* could be carrying weapons.  (*Id*.).

At this juncture, the court "must accept as true the allegations, construe the allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor."  *See Mitchell v. Las Vegas Metro. Police Dep't*, Case No.: 2:18-cv-00646-RFB-EJY (D. Nev. Mar. 3, 2021).  Based on the totality of the circumstances, this court finds that plaintiffs state a plausible claim against the LVMPD defendants based on the contention that reasonable officers in LVMPD's shoes could not have objectively perceived *all* plaintiffs as an immediate threat to their safety or the safety of others.

*C. Notice under NRS 41.036(2)*

Finally, the LVMPD defendants argue that plaintiffs' state law tort claims against LVMPD defendants must be dismissed because plaintiffs did not file notice with the LVMPD within two years of the time of the cause of action, pursuant to NRS § 41.036(2).  (ECF Nos. 17, 27).

Plaintiffs do not dispute that notice is required.  Rather, plaintiffs argue, that the LVMPD had notice of plaintiffs' claims on August 18, 2020, which is within the two-year time restriction for notice when plaintiffs issued a press conference discussing this lawsuit.  (ECF No. 27).  Plaintiffs unconvincingly argue, without any citation to case law, that a press copy of a complaint qualified as notice to the government entity.  (*Id*.).  Plaintiffs argue that, since a news

outlet shared this information with LVMPD defendants for comment, plaintiffs' burden of notice is sufficiently met. (*Id*.).

Plaintiffs' logic is flawed. If every plaintiff could claim that the LVMPD received notice of a lawsuit via a press conference, then the LVMPD would be inordinately burdened. (ECF Nos. 17, 33). Requiring the LVMPD to be on 24/7 watch for press releases that act as "notice" is not customary, nor should it be. This court finds that plaintiffs' state law tort claims fail to satisfy requisite notice. Therefore, this court grants LVMPD defendants' motion to dismiss Nevada state law claims.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' partial motion to dismiss, (ECF No. 17) be, and the same hereby is, GRANTED in part and DENIED in part. Plaintiffs' second, third and fourteenth causes of action are hereby dismissed.

IT IS FURTHER ORDERED that the motion to dismiss by defendants Caesars Entertainment Corporation, Rio Properties, LLC., and John Carlisle (ECF No. 15) be, and the same hereby is, DENIED as moot. These three defendants were dismissed with prejudice via stipulation. (ECF Nos. 36, 37).

DATED April 9, 2021.

UNITED STATES DISTRICT JUDGE