UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILLIP SEMPER, et al., | Case No. 2:20-cv-01875-JCM-EJY |
| Plaintiffs, | |
| v. | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendants. | |

Pending before the Court is the Suggestion of Death and Motion for Substitution of Party (ECF No. 47). Through this Motion, Counsel for Plaintiff Phillip Semper provides notice to the Court that Mr. Semper passed away on December 4, 2020. Counsel is working with Mr. Semper's family to obtain a copy of the death certificate, establish an estate through probate, and identify an administrator or executor of the estate. However, COVID-19 has created some delays in the probate process. Under Fed. R. Civ. P. 25(a), Counsel for Mr. Semper seeks to substitute "The Estate of Phillip Semper" for Plaintiff Phillip Semper so that his claim survives his passing and the action may proceed on his behalf.

Rule 25(a) of the Federal Rules of Civil Procedure states: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." The motion, "together with a notice of hearing," must be served on parties in accordance with Rule 5, and on nonparties in accordance with Rule 4. Fed. R. Civ. P. 25(a)(3).

Counsel for Mr. Semper seeks to substitute Mr. Semper's not-yet-established estate in place of Mr. Semper individually. But an estate "is not a person or a legal entity and cannot sue or be sued." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 956 (9th Cir. 2020) (citing 34 C.J.S. Executors and Administrators § 847). Instead, "an executor or administrator ... is a proper party for substitution of a deceased party." *City of Colton v. American Promotional Events, Inc.*,

Case No. CV 09-1864 PSG, 2014 WL 12740637, at *3 (C.D. Ca. April 15, 2014); *see also LN Mgmt.*, 957 F.3d at 956 ("the request to add an unknown, and perhaps nonexistent, executor ... is clearly improper").

Here, the Court understands that an executor, administrator or other proper party cannot yet be identified. Because the estate has not been established, the proper party does not exist. As such, Mr. Semper cannot meet Rule 25(a)'s substantive requirements at this time. Further, because Counsel for Mr. Semper cannot yet identify the proper party for substitution, Counsel cannot comply with Rule 25(a)(3)'s service requirements.

Accordingly, IT IS HEREBY ORDERED that the Motion for Substitution of Party (ECF No. 47) is DENIED without prejudice as premature.

IT IS FURTHER ORDERED that, *sua sponte*, the Counsel for Phillip Semper is granted a 90-day extension of time to file a renewed motion seeking to substitute the proper party for the deceased Plaintiff. The 90 day period is measured from the date of this Order forward.

IT IS FURTHER ORDERED that if an estate has not been established or legal representative of the estate is not established before the expiration of the 90 day stay, it is the responsibility of Counsel for Mr. Semper to seek a further extension of time to identify, substitute, and serve a motion to substitute the proper party for the deceased Plaintiff.

Dated this 1st day of September, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE