CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
SADMIRA RAMIC
Nevada Bar No.: 15984
JACOB SMITH, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
        ramic@aclunv.org
        jsmith@aclunv.org

ROBERT L. LANGFORD, ESQ.
Nevada Bar No.: 3988
MATTHEW J. RASHBROOK, ESQ.
Nevada Bar No.: 12477
ROBERT L. LANGFORD & ASSOCIATES
616 South Eighth Street Las Vegas, NV 89101
Telephone: (702) 471-6565
Facsimile: (702) 991-4223
Email: robert@robertlangford.com
Email: matt@robertlangford.com

*Attorneys for Plaintiffs Phillip Semper, Corey Johnson, Ashley Medlock, Michael Green, Demarlo Riley, Clinton Reece, and Lonicia Bowie*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PHILLIP SEMPER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et. al, <br><br> Defendants. | Case No.: 2:20-cv-01875-JCM-EJY <br><br> **<u>PLAINTIFFS' UNOPPOSED MOTION TO EXTEND DEADLINE FOR OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>** <br><br> **(First Request)** |

     Plaintiffs submit the following motion to extend the time to file an opposition to Defendants motion for summary judgment by 7 days. This would modify the due date from April 15, 2024, to

1

April 22, 2024. This Motion is based on the following Memorandum of Points and Authorities, the following Declaration of Christopher Peterson, and the papers and pleadings already on file herein. Defendants' counsel has represented that they do not oppose the requested extension.

DATED: Apil 11, 2024

**AMERICAN CIVIL LIBERTIES UNION OF NEVADA**

/s/  *Christopher Peterson*
CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
SADMIRA RAMIC
Nevada Bar No.: 15984
JACOB SMITH, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 366-1331
Emails: peterson@aclunv.org
ramic@aclunv.org
jsmith@aclunv.org

**DECLARATION OF CHRISTOPHER M. PETERSON ESQ.**

I, Christopher M. Peterson, hereby declare as follows:

1. I am duly licensed to practice law in the State of Nevada and have personal knowledge of and I am competent to testify concerning the facts herein.
2. I represent the Plaintiffs in the above-captioned matter as lead counsel.
3. I am the Legal Director of the American Civil Liberties Union of Nevada.
4. I make this declaration in support of Plaintiffs Motion to Extend Deadline for Opposition to Defendants Motion for Summary Judgment.
5. Defendants filed a Motion for Summary Judgment in this matter on March 25, 2024. [ECF No. 142]
6. The current deadline for Plaintiffs opposition to Defendants motion for summary judgment is April 15, 2024.
7. Plaintiffs request 7 days additional time to complete the opposition to Defendants motion for summary judgment changing this deadline to April 22, 2024.
8. Plaintiffs believe there is good cause to extend this deadline for the following reasons:
    a. I emailed Jacqueline Nichols, counsel for Defendants, on April 11, 2024, asking if they would oppose this motion to extend time; Ms. Nichols responded stating they had no opposition to this motion.
    b. Defendants' motion for summary judgment is 59 pages, *see* [ECF No. 142], almost twice as long as a typical motion for summary judgment; accordingly, counsel needs more time to review the arguments, conduct relevant research, and draft responses.
    c. Due to the length of the Defendant's motion, Plaintiffs may need to request to exceed the page limits for the opposition to Defendants motion for summary judgment.
    d. As Legal Director for the ACLU of Nevada, I represented the appellees in an oral argument before the Nevada Supreme Court on April 9, 2024, for *State of Nevada*

*Board of Pharmacy v. Cannabis Equity and Inclusion Community, et al.*, Case No. 85756, which took significant time to prepare for as the case involves multiple issues of first impression under Nevada law.

e. I filed a reply in support of a motion for preliminary injunction and response to a motion to dismiss in *McAllister et al. v. Clark County*, 2:24-cv-00334-JAD-NJK, in the United States District Court of Nevada on March 26, 2024, and March 28, 2024, respectively.

f. Due to the Defendants' filings on April 5, 2024, and April 9, 2024, related to Defendants' opposition to Plaintiffs motion for summary judgment, *see* [ECF No. 149]; [ECF No. 152]; [ECF No. 153], it is unclear to Plaintiffs if Plaintiffs' reply in support of their motion for summary judgment is due on April 19, 2024, or April 23, 2024. Plaintiffs are drafting motions to address the situation and seek clarity regarding the Plaintiffs' obligations.

g. Plaintiffs reply in support of the motion to reconsider [ECF No. 141] is due on April 15, 2024.

Pursuant to NRS § 53.045, I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

DATED: April 11, 2024

/s/ *Christopher Peterson*
CHRISTOPHER M. PETERSON, ESQ

4

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs are seeking a seven-day extension from the current deadline of April 15, 2024 to April 22, 2024, to file an opposition to Defendants motion for summary judgment [ECF No. 142].

A motion to extend time filed before the deadline of the motion it seeks to extend must be supported by a showing of good cause. Local Rule IA 6-1; Local Rule 26-3; Fed. Rules Civ. Proc. 6(b)(1)(A); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Good cause under FRCP 6 is not a rigorous or high standard. *Ahanchion v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Absent bad faith, a timely extension sought under FRCP 6 will often be granted. *Id.* at 1259.

The good cause analysis rests on a party's diligence in adhering to the deadlines set by the court. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). This measure of diligence considers the diligence displayed throughout the entire case. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The degree of prejudice to the opposing party may also be considered. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiffs have consistently met the deadlines set forth by this Court throughout this matter, and as Defendants' counsel have stated they would not oppose this motion, it does not appear that they will suffer any prejudice.

Courts have found that an attorney's "conflicting professional engagements" can satisfy a finding of good cause to extend a deadline. *Johnson v. Barrett*, No. 2:17-cv-02304-RFB-BNW, 2021 U.S. Dist. LEXIS 201338, at *2 (D. Nev. Oct. 16, 2021) (quoting *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962)). Courts have also found good cause for an extension when the size of the responsive document is extensive, the party requesting extension has multiple conflicting deadlines, and the opposing party does not object to the extension. *Atlp v. Corecivic, Inc.*, No. 2:21-cv-02072-JCM-EJY, 2024 U.S. Dist. LEXIS 2955, at *3 (D. Nev. Jan. 2, 2024). Plaintiffs' counsel have had multiple professional engagements since Defendants' filed their motion for summary

5

judgment, including argument before Nevada's highest state court on a case involving multiple issues of first impression and filing deadlines related to substantive motions pending before the United States District Court for Nevada in *McAllister et al. v. Clark County*, limiting counsels' capacity.

Other reasons for good cause exist. First, Plaintiffs will need to file additional motions related to Defendants' filings on April 5, 2024, and April 9, 2024, to clarify what documents Plaintiffs will need to respond to and when. Second, as parties received permission from the Court to exceed page limits on their respective motions for summary judgment, Plaintiffs are responding to a motion for summary judgment that is significantly longer than is typically permissible under LR. Naturally, the longer motion requires more time to review, research, and respond to. While Plaintiffs may need to draft and file a motion to exceed page limit in support of their response, counsel is also using the extension to prevent as much excess as possible.

Plaintiffs contacted Jacqueline Nichols, counsel of record for Defendants via email. Ms. Nichols represented that the Defendants had no opposition to the requested extension.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

For the above reasons, Plaintiffs request pursuant to this unopposed motion that the deadline for Plaintiffs opposition to Defendants motion for summary judgment be modified seven days from its current deadline of **April 15, 2024**, to **April 22, 2024**.

DATED: April 11, 2024

**AMERICAN CIVIL LIBERTIES UNION OF NEVADA**

/s/ *Christopher Peterson*
CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
SADMIRA RAMIC
Nevada Bar No.: 15984
JACOB SMITH, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 366-1331
Emails: peterson@aclunv.org
          ramic@aclunv.org
          jsmith@aclunv.org

**IT IS SO ORDERED:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: April 12, 2024

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Motion to Extend Time** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on April 11, 2024. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished on all participants by:

☒ CM/ECF

☐ Electronic mail; or

☐ US Mail or Carrier Service

*/s/Christopher Peterson*
An employee of ACLU of Nevada