UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PHILLIP SEMPER, et al., | Case No. 2:20-CV-1875 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendant(s). | |

The remaining defendants in this action include the Las Vegas Metropolitan Police Department ("LVMPD"), Andrew Bauman, Matthew Kravetz, Supreet Kaur, David Jeong, and Theron Young (collectively "defendants"). The remaining plaintiffs include Corey Johnson, Ashley Medlock, Michael Green, Demarlo Riley, Clinton Reece, Connie Semper, and Lonicia Bowie. The following motions are presently before the court:

- plaintiffs' motion for partial summary judgment (ECF No. 134), to which defendants responded (ECF No. 152), and plaintiffs replied (ECF No. 165);

- plaintiffs' motion for reconsideration (ECF No. 141), to which defendants responded (ECF No. 151), and plaintiffs replied (ECF No. 158);

- defendants' motion for summary judgment (ECF No. 142), to which plaintiffs responded (ECF No. 161);

- plaintiffs' motion to strike (ECF No. 156), to which defendants responded (ECF No. 168), and plaintiffs replied (ECF No. 171);

**James C. Mahan**
**U.S. District Judge**

- plaintiffs' motion to extend time for reply in support of its motion for partial summary judgment (ECF No. 157);

- plaintiffs' motion for leave to file excess pages (ECF No. 159);

- plaintiffs' second motion for leave to file excess pages (ECF No. 164); and

- defendants' motion to extend time for reply in support of its motion for summary judgment (ECF No. 169), to which plaintiffs responded (ECF No. 170), and defendants replied (ECF No. 172).

## I. Background

This is a civil rights case brought under 42 U.S.C. § 1983. The parties are familiar with the facts of this case, and the court does not recite them herein. (*See* ECF Nos. 38; 113).

After years of litigation, the following causes of action remain: (1) the Title VI claim against LVMPD; (2) the procedural due process claim against LVMPD; (3) the right to association and expression claim as a direct prohibition (First Amendment) against LVMPD; (4) the right to association and expression claim as a chilling effect (First Amendment) against LVMPD; (5) the unreasonable search and seizure claim against the officers in their individual capacity; (6) the unreasonable search and seizure claim against LVMPD; (7) the unlawful detention claim against the officers in their individual capacity; and (8) the unlawful detention claim against LVMPD. (*See* ECF No. 89).

## II. Plaintiffs' Motion for Reconsideration

Plaintiffs move this court to reconsider its order granting defendants' motion to extend time to file their motion for summary judgment. (ECF No. 141). The LVMPD defendants' deadline to file their motion for summary judgment was March 18, 2024. On March 20, 2024, the LVMPD defendants filed a motion to extend time to file their motion for summary judgment.

**James C. Mahan**
**U.S. District Judge**

(ECF No. 139). On March 25, 2024, this court granted the LVMPD defendants' motion to extend time. (ECF No. 140).

Fed. R. Civ. P. 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b).

Plaintiffs argue that defendants' motion to extend time should have been denied because the motion itself was late and deficient. (ECF No. 141 at 8). This case has been pending for over four years. In the interests of time and justice, the court will deny plaintiffs' motion for reconsideration. *See* LR IA 1-4. Moreover, plaintiffs have failed to prove that this court committed clear error or that its initial decision was manifestly unjust.

However, the court does find it necessary to deny defendants' motion to extend time to file a reply in support of their motion for summary judgment (ECF No. 169) to prevent any further delay.[1] The court also finds that good cause exists to grant plaintiffs' unopposed motion for leave to file excess pages for their response to defendants' motion for summary judgment. (ECF No. 159).

---

[1] Importantly, defendants have failed to show that good cause exists to grant their motion.

**James C. Mahan**
**U.S. District Judge**

- 3 -

### III. Plaintiffs' Motion to Strike

Plaintiffs also move to strike defendants' opposition to their motion for partial summary judgment, or in the alternative, clarify what filing they must respond to. (ECF No. 156). This court permitted both parties to file 60-page motions for summary judgment. (ECF No. 138). However, this court did not permit the parties to file oppositions longer than 30 pages. (*Id.*).

Defendants initially filed a 19-page response to plaintiffs' motion. (ECF No. 149). After the clerk of court issued a notice to defendants that the motion did not include an attorney's signature, they filed a notice of corrected image. (ECF No. 152). The new document was a 52-page opposition to plaintiffs' motion for partial summary judgment. (*Id.*).

"Motions for summary judgment and responses to motions for summary judgment are limited to 30 pages, excluding exhibits. Replies in support of a motion for summary judgment are limited to 20 pages." LR 7-3(a). Moreover, a motion to exceed the page limits must be filed. *See* LR 7-3(c).

Defendants did not ask this court for permission to file a 52-page opposition. The court reminds defendants that it may strike any document that does not conform with the local rules. *See* Local Rule IA 10-1(d).

However, in the interests of time and justice, the court will consider defendants' opposition to plaintiffs' motion. The court will also consider plaintiffs' reply (ECF No. 165). Moreover, the court finds good cause to grant plaintiffs' motion to extend time to reply (ECF No. 157) and motion for leave to file excess pages (ECF No. 164).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

## IV. Motions for Summary Judgment

### A. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any), show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Information may be considered at the summary judgment stage if it would be admissible at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citing *Block v. Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In considering evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir.1987).

When the non-moving party bears the burden of proof at trial, the moving party can meet its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

B. <u>Discussion</u>

The court has sufficient information to decide the instant motions based on the filings and thus denies any request for oral argument. *See* LR 78-1. As an initial matter, the court dismisses defendant David Jeong from this action, which plaintiffs do not oppose.

    1. Title VI claim

Plaintiffs' first cause of action alleges that defendant LVMPD violated Title VI of the Civil Rights Act of 1964. (ECF No. 89 at 50). Under Title VI, "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

To prevail on a Title VI claim, plaintiffs must prove that (1) the entity involved is engaging in racial discrimination, and (2) the entity involved is receiving federal financial assistance. *Fobbs v. Holy Cross Heath Sys. Corp.,* 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131 (9th Cir. 2001). "Title VI itself directly reach[es] only instances of intentional discrimination." *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944 (9th Cir. 2003).

First, defendants argue that "the complained of activities are not federally funded." (ECF No. 142 at 22); *see Temengil v. Trust Territory of Pacific Islands*, 881 F.2d 647, 653 (9th Cir. 1989). Plaintiffs need only prove that LVMPD receives federal financial assistance, which cannot be disputed here. *See* ECF No. 161; *see Braunstein v. Ariz. DOT*, 683 F.3d 1177, 1188 (9th Cir. 2012).

Defendant LVMPD then argues that plaintiffs have failed to offer any evidence that it intentionally discriminated based on race. (ECF No. 142 at 24). Plaintiffs contend that defendant LVMPD engaged in racial discrimination by using racial categories in gang enforcement. (ECF No. 161 at 14-15). They further argue that this discrimination is evident through the disparity between the racial demographics of Clark County and LVMPD's gang member and affiliate designations. (*Id*.).

The court must determine whether plaintiffs have shown evidence of intentional discrimination. Specifically, whether defendant LVMPD's actions "were motivated by race and that race was a determining factor in [its] decisions." *Hankins v. City of Tacoma*, No. C06-5099 FDB, 2007 WL 635771, at *3 (W.D. Wash. Feb. 26, 2007). Plaintiffs must also establish a nexus between the discrimination and LVMPD's actions. *Id*.

James C. Mahan
U.S. District Judge

- 7 -

Here, plaintiffs have met their burden of defeating summary judgment. There exists a genuine issue of material fact as to whether defendant LVMPD engaged in racial discrimination. Here, plaintiffs argue that defendant LVMPD's training intentionally discriminated by race. (ECF No. 161 at 14). Specifically, they provide evidence that defendant LVMPD's officers are trained to consider race when determining if an individual is a gang member or affiliate. (*Id*.).

Drawing all inferences in the light most favorable to plaintiffs, a reasonable jury could conclude that defendant LVMPD engaged in racial discrimination through its gang enforcement and investigation. Summary judgment is therefore inappropriate.

### 2. Procedural due process claim

Plaintiffs' second cause of action against defendant LVMPD alleges a procedural due process claim. (ECF No. 89 at 52). To prevail here, plaintiffs must show "(1) a liberty or property interest protected by the constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

"Although damage to reputation alone is not actionable, such reputational harm caused by the government can constitute the deprivation of a cognizable liberty interest if a plaintiff was stigmatized in connection with the denial of a more tangible interest." *Fikre v. FBI*, 35 F.4th 762, 776 (9th Cir. 2022).

This "stigma-plus" test requires plaintiffs to show reputational harm from a government action (stigma), and the "alteration or extinguishment of a right or status previously recognized by state law" (plus). *Id.* (quotations omitted). Finally, a stigmatizing statement must be

disclosed to the public.[2] *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 982 (9th Cir. 2002).

Here, it cannot be disputed that labeling an individual as a gang member or gang affiliate is stigmatizing. Thus, the court will determine whether plaintiffs have established the "plus" factor. The heart of a stigma-plus claim is whether a plaintiff "legally [can]not do something that she could otherwise do." *Miller v. California*, 355 F.3d 1172, 1179 (9th Cir. 2004).

Plaintiffs argue that their statuses and rights are altered under several Nevada statutes. (ECF No. 134 at 39). All of plaintiffs' arguments are unavailing. The only contention that appears to trigger a liberty interest would be plaintiffs' ability to own a firearm. Here, defendant LVMPD contends that plaintiffs Reece, Riley, and Green are all convicted felons. (ECF No. 142 at 30). Thus, they have failed to establish the plus factor.

Moreover, plaintiffs Medlock, Semper, Johnson, and Bowie were designated as "gang affiliates." These plaintiffs have failed to set forth specific facts by producing competent evidence, showing how their status or rights are altered through such designation. *See Celotex*, 477 U.S. at 324. Plaintiffs reference multiple Nevada statutes but fail to provide any authority that proves they have been deprived of a certain cognizable liberty interest.[3] Summary judgment is therefore appropriate in favor of defendant LVMPD.

### 3. First Amendment claims

Plaintiffs also bring two First Amendment claims. (*See* ECF No. 89). They argue that inclusion in the GangNet database directly prohibited them from enjoying their First Amendment right to associate and chilled them from exercising that right in the future. (*See id.*).

---

[2] Defendant LVMPD is incorrect to argue that it did not make a public statement. (*See* ECF Nos. 134; 161).

[3] Moreover, plaintiffs Reece, Riley, and Green fail to show how these statutes deprive them of a cognizable liberty interest.

James C. Mahan
U.S. District Judge

- 9 -

The Supreme Court has identified two distinct rights to associate protected by the First Amendment. The right to intimate association affords "the formation and preservation of certain kinds of highly personal relationships a substantial measure of sanctuary from unjustified interference by the State." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984). The right of expressive association, protects an individual's "right to associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion." *Id.*

This court previously found that plaintiffs alleged only expressive association claims. (ECF No. 113). That right protects the ability of groups to associate and congregate such that they can undertake activities otherwise entitled to First Amendment protection. *See Roberts*, 468 U.S. at 618.

The First Amendment protects all speech intended "to convey a particularized message was present, and in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it." *Tex. v. Johnson*, 491 U.S. 397, 404 (1989) (quoting *Spence v. Wash.*, 418 U.S. 405, 410–11 (1974)) (alterations omitted); see also *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557, 569 (1995) (holding that the intended message need not even be "narrow" or "succinctly articulable" in certain circumstances).

There are exceptions where the government can infringe upon the right to association—where regulations are "adopted to serve compelling state interests, unrelated to the suppression of ideas, that cannot be achieved through means significantly less restrictive of associational freedoms." *See Roberts*, 468 U.S. at 618.

**James C. Mahan**
**U.S. District Judge**

- 10 -

Defendant LVMPD argues that it had a compelling state interest in public safety, and its policy is not unconstitutional. (ECF No. 152 at 34). "Public safety and crime prevention are compelling government interests for purposes of strict scrutiny analysis." *Saltz v. City of Frederick, MD*, 538 F. Supp. 3d 510, 546 (D. Md. 2021) (citing *United States v. Salerno*, 481 U.S. 739, 750 (1987) ("the [g]overnment's general interest in preventing crime is compelling")).

However, defendant LVMPD has simply failed to present any evidence that its policy is narrowly tailored and that such regulations could not be achieved through less restrictive means.[4] *See Roberts*, 468 U.S. at 618.

Here, plaintiffs have established two protected activities—the August 19, 2018, birthday party and funerals. (*See* ECF No. 134). They have also shown that defendants' designation of plaintiffs as gang members or affiliates directly prohibited them from enjoying their First Amendment right to associate at both activities. (*Id.*). Plaintiffs have also established that defendant LVMPD has chilled them from exercising their First Amendment rights in the future. (*Id.*). Summary judgment is therefore appropriate in favor of plaintiffs.

### 4. Fourth Amendment claims

Plaintiffs also bring unreasonable search and seizure and unlawful detention claims against the individual officers and LVMPD. (*See* ECF No. 89). Plaintiffs Bowie, Green, Reece, and Riley argue that they are entitled to summary judgment as to their fifth and sixth causes of action. (ECF No. 134). Plaintiffs Bowie, Green, Reece, Riley, and Medlock argue that they are entitled to summary judgment as to their seventh and eighth causes of action. (*Id.*).

---

[4] Defendant LVMPD also challenges whether the August 19, 2018, gathering was a birthday celebration. (ECF No. 152 at 33). This argument is unavailing. Plaintiffs have set forth specific facts through competent evidence that this gathering was a birthday party. (ECF No. 165 at 11).

James C. Mahan
U.S. District Judge

- 11 -

As an initial matter, defendants argue that plaintiffs never alleged a supervisory claim involving defendant Bauman's alleged involvement in the frisks of plaintiffs. (ECF No. 152 at 10). This argument is unavailing. Defendants do not cite to any authority holding that a plaintiff must allege a claim for supervisory liability. It is sufficient that defendant Bauman was a named as a defendant who violated plaintiffs' Fourth Amendment rights. (*See* ECF No. 89).

The court must also determine whether defendant LVMPD may be held liable pursuant to *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).[5] A Section 1983 *Monell* claim requires a "policy, practice, or custom of the entity" to be shown as the "moving force" behind the alleged constitutional violations. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

For liability to attach, four conditions must be satisfied: "(1) [plaintiffs] possessed a constitutional right of which they [were] deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference to [plaintiffs'] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

Defendant LVMPD argues that plaintiffs have failed to present evidence to support their *Monell* claims. (ECF Nos. 142; 152). The court agrees. Plaintiffs have failed to provide this court with any authority proving that LVMPD's policy, practice, or customs are unconstitutional.

Plaintiffs also fail to argue that any policy, practice, or custom amounted to deliberate indifference to their constitutional rights. Moreover, they rely on conclusory allegations unsupported by factual data, by providing that "[w]ithout requiring individualized suspicion, LVMPD is training its officers to violate the Fourth Amendment." (ECF No. 161 at 33); s*ee*

---

[5] Plaintiffs' sixth and eighth causes of action are alleged against defendant LVMPD. (*See* ECF No. 89).

**James C. Mahan**
**U.S. District Judge**

- 12 -

*List*, 880 F.2d at 1045.  Summary judgment is therefore appropriate, in favor of defendant LMVPD, as to plaintiffs' sixth and eighth causes of action.

Defendant officers then argue that they are entitled to qualified immunity because the law is not clearly established and there was a mistake of law.  (ECF No. 152 at 27).  "To determine whether an official is entitled to qualified immunity, we evaluate whether (1) the alleged facts constitute a violation of a constitutional right, and (2) the constitutional right was clearly established at the time of the violation."  *Hernandez v. Skinner*, 969 F.3d 930, 937 (9th Cir. 2020) (citing *Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016)).

Plaintiffs allege two constitutional violations against defendant officers: unreasonable search and seizure and unlawful detention.  (*See* ECF No. 89).  The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures."  U.S. Const. Art. IV.  There are two categories of police seizures under the Fourth Amendment: *Terry* stops and full-scale arrests.  *See Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995).

A *Terry* stop is a seizure within the meaning of the Fourth Amendment.  A police officer must have a reasonable suspicion that "criminal activity may be afoot," *United States v. Job*, 871 F.3d 852, 860 (9th Cir. 2017), which means that an individual is armed, engaged, or about to engage in a crime.  *Terry v. Ohio*, 392 U.S. 1, 24 (1968).

If a reasonable suspicion is present, then an officer may briefly stop and detain an individual for a stop and frisk.  *Id*.  The "reasonableness" of a seizure, including an arrest of a person, "depends not only on when it is made, but also on how it is carried out."  *Graham*, 490 U.S. at 395 (internal citations omitted) (emphasis in original).  The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id*. at 397.

1  The reasonableness inquiry of a seizure is balanced between the "nature and quality of
2  the intrusion on the individual's Fourth Amendment interests against the countervailing
3  government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal
4  citation and quotation marks omitted).
5  
6  Of all the factors, the "most important" is whether the individual posed an immediate
7  threat to the safety of the officers or others. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir.
8  2010) (internal citation and quotation marks omitted). Courts "examine the totality of the
9  circumstances and consider whatever specific factors may be appropriate in a particular case."
10 *Id*.
11 
12 The second category of seizures are arrests. An arrest must be supported by probable
13 cause to believe that the person being arrested has committed a crime. *See Allen*, 73 F.3d at
14 236 (citing *Henry v. United States*, 361 U.S. 98, 102 (1959)). Probable cause is more difficult to
15 establish and will be determined as of the time of the arrest. *Arvizu*, 534 U.S. at 273-74; *Allen*,
16 73 F.3d at 236.
17 
18 It must be based on "reasonably trustworthy information sufficient to warrant a prudent
19 person in believing that the accused had committed or was committing an offense." *Allen*, 73
20 F.3d at 237 (internal quotation marks omitted). Like reasonable suspicion, it can "only exist in
21 relation to criminal conduct." *Id*.
22 
23 Plaintiffs argue that defendant officers detained them without individualized reasonable
24 suspicion. (ECF No. 134 at 26). Plaintiffs also argue that defendant Bauman directed other
25 officers to frisk them without reasonable suspicion. (*Id*. at 28). Moreover, plaintiffs contend that
26 defendants prolonged their detention in violation of the Fourth Amendment. (*Id*. at 29).
27
28

**James C. Mahan**
**U.S. District Judge**

As an initial matter, plaintiffs contend that defendants misinterpret *Lyall v. City of Los Angeles*, 807 F.3d 1178 (9th Cir. 2015). (ECF No. 165 at 13). However, they fail to provide any authority that holds officers must have individualized suspicion to search or arrest a group of individuals as it relates to the facts of this case.

*Lyall* provides that "the fact that the officers' reasonable suspicion of wrongdoing is not particularized to each member of a group of individuals present at the same location does not automatically mean that a search of the people in the group is unlawful." *Lyall*, 807 F.3d at 1194. Importantly, "the trier of fact must decide whether the search was reasonable in light of the circumstances." *Id*. Thus, there remains a genuine issue of material fact for trial—whether the search here was reasonable.

Plaintiffs also argue that defendant officers lacked reasonable suspicion that plaintiffs committed or were about to commit a criminal offense. (ECF No. 134 at 26). Defendants oppose, arguing that marijuana smoke and odor satisfy a reasonable suspicion to detain. (ECF No. 152 at 16).

Plaintiffs repeatedly argue that marijuana smoke and odor cannot serve as a basis for detaining them. (*See* ECF Nos. 161; 165). However, "[t]he presence of the odor of contraband may itself be sufficient to establish probable cause." *United States v. Kerr*, 876 F.2d 1440, 1445 (9th Cir. 1989) (citing *Johnson v. United States,* 333 U.S. 10, 13 (1948)). And probable cause is more difficult to establish than reasonable suspicion. *Arvizu*, 534 U.S. at 273-74. Here, there remains a genuine issue of material fact as to whether there was marijuana odor and smoke.

Plaintiffs further contend that even if the initial detention was lawful, the detention was prolonged. (ECF No. 161 at 31). However, the court finds that no reasonable jury could

conclude that plaintiffs Bowie, Green, Medlock, and Reece's detentions were prolonged in violation of the Fourth Amendment.

"[A] lawful seizure can become unlawful if it is prolonged beyond the time reasonably required to complete that mission." *Muehler v. Mena*, 544 U.S. 93, 101 (2005) (internal quotation marks omitted). Here, plaintiffs were released after defendant officers determined there were no weapons, no outstanding warrants, and plaintiffs were not actively engaged in criminal activity. (ECF No. 152 at 26).

However, plaintiff Riley was detained for nearly four hours. (ECF No. 134 at 30). Defendants contend that his detention was reasonable because the officers believed that a potential crime, felon in possession of a firearm, was committed. (ECF No. 152 at 38). Here, there remains a genuine issue of material fact as to whether Riley's detention was prolonged given his alleged consent to a DNA swab and willingness to remain at the scene. (*Id*. at 27). Summary judgment is therefore inappropriate as to plaintiffs' fifth and seventh causes of action.

5. Injunctive and declaratory relief

Plaintiffs also argue that they are entitled to injunctive and declaratory relief on any claims they prevail on against defendant LVMPD. (ECF No. 134 at 50). Defendants do not oppose any of plaintiffs' arguments. (*See* ECF No. 152).

Summary judgment is appropriate in favor of plaintiffs, as to their third and fourth causes of action. However, plaintiffs have failed to prove that the balance of hardships justify injunctive relief and that the public interest would not be disserved by a permanent injunction. *See Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 730 (9th Cir. 2022).

Moreover, they have failed to show that they are entitled to declaratory relief. Plaintiffs have failed to provide sufficient evidence that granting declaratory relief would serve a useful

James C. Mahan
U.S. District Judge

- 16 -

purpose or establish that LVMPD must change its policies. Plaintiffs' requests for injunctive and declaratory relief are denied without prejudice.

## V. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for partial summary judgment (ECF No. 134) be, and the same hereby is, GRANTED in part and DENIED in part. Summary judgment is GRANTED in favor of plaintiffs on their third and fourth causes of action.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (ECF No. 142) be, and the same hereby is, GRANTED in part and DENIED in part. Summary judgment is GRANTED in favor of defendant LVMPD on plaintiffs' second, sixth, and eighth causes of action.

IT IS FURTHER ORDERED that defendant David Jeong is DISMISSED from this action.

IT IS FURTHER ORDERED that plaintiffs' motion for reconsideration (ECF No. 141) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to strike (ECF No. 156) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to extend time for reply in support of their motion for partial summary judgment (ECF No. 157) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to file excess pages (ECF No. 159) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiffs' second motion for leave to file excess pages (ECF No. 164) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to extend time for reply in support of their motion for summary judgment (ECF No. 169) be, and the same hereby is, DENIED.

The case proceeds on plaintiffs' first, fifth, and seventh causes of action.

DATED March 28, 2025.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**