CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB SMITH, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES
UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
        jsmith@aclunv.org

ROBERT L. LANGFORD, ESQ.
Nevada Bar No.: 3988
ROBERT L. LANGFORD & ASSOCIATES
616 South Eighth Street Las Vegas, NV 89101
Telephone: (702) 471-6565
Facsimile: (702) 991-4223
Email: robert@robertlangford.com

*Attorneys for Plaintiffs Phillip Semper, Corey Johnson, Ashley Medlock, Michael Green, Demarlo Riley, Clinton Reece, and Lonicia Bowie*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PHILLIP SEMPER, et al., <br><br> Plaintiffs, <br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et. al, <br><br> Defendants. | Case No.: 2:20-cv-01875-JCM-EJY <br><br> **UNOPPOSED MOTION TO EXTEND TIME TO FILE PRETRIAL ORDER** <br> **(First Request)** |

Plaintiffs LONICIA BOWIE, MICHAEL GREEN, COREY JOHNSON, ASHLEY MEDLOCK, CLINTON REECE, DEMARLO RILEY, and CONNIE SEMPER, through counsel, submit this motion to extend time to file pretrial order by **30 days**. This motion is based upon the pleadings and papers on file herein, the attached declaration of Christopher M. Peterson, and the attached Memorandum of Points and Authorities.

**DECLARATION OF CHRISTOPHER M. PETERSON**

I, Christopher M. Peterson, hereby declare as follows:

1. I am duly licensed to practice law in the State of Nevada and have personal knowledge of and I am competent to testify concerning the facts herein.

2. I represent the Plaintiffs in the above-captioned matter.

3. I am the Legal Director of the American Civil Liberties Union of Nevada.

4. I make this declaration in support of Plaintiffs' Motion to Extend Time to File Pretrial Order.

5. The current deadline for the pretrial order was April 28, 2025.

6. On March 28, 2025, this Court released an order on Plaintiffs' Motion for Summary Judgment, Defendants' Motion for Summary Judgment, Plaintiffs' Motion for Reconsideration, Plaintiff's Motion to Strike, Plaintiffs' Motion to Extend Time, Plaintiffs' Motion for Leave to File Excess Pages, and Defendants' Motion to Extend Time.

7. On April 2, 2025, I reached out to Defendants' counsel to determine Defendants' interest in settling this case through mediation in light of the Court's order on the dispositive motions filed in this matter.

8. Defendants' counsel responded that same day and stated that he would need to review the case materials after taking over the case from a previous coworker and to discuss with his clients to confirm whether the Defendants would consider mediation.

9. On April 3, 2025, Defendants' counsel requested additional documents relevant to potential settlement. I provided those documents the same day.

10. Defendant's counsel stated that his client was interested in settlement shortly thereafter. I then reached out both personally and through my Legal Department Coordinator to each of the seven Plaintiffs with surviving claims, set up teleconferences with each client, and held teleconferences with each separately to determine if each Plaintiff was still interested in

settlement and review the Court's order regarding summary judgment. This took approximately ten days to complete due to scheduling conflicts and the need to update contact information.

11. On April 23 2025, I received final confirmation that all clients with surviving claims that they were interested in mediation and conveyed that information to opposing counsel.

12. On April 24, 2025, Defendants' counsel offered to draft the stipulation and order to extend time to file the Joint Pretrial Order and send it to Plaintiffs' Counsel by April 28, 2025.

13. Parties have also begin discussing potential mediators via email and have identify a few potential candidates.

14. Plaintiffs request 30 days additional time to file the Joint Pretrial Order changing this deadline to May 6, 2025.

15. Defendants do not oppose this motion and Defendants' counsel has stated that he will provide a draft stipulation and order to extend time by tomorrow, April 30, 2025.

16. I would have filed this motion yesterday, and I am only filing this motion today because I miscalculated the deadline by a day.

17. As such, I believe there is good cause and excusable neglect to extend this deadline for the following reasons:

    a. Parties are actively seeking mediation in this case which involves multiple parties, complicated constitutional questions, and could have significant ramifications on policing in Nevada.

    b. Parties have been working diligently since the Court issued its order in determining whether mediation would be appropriate and arranging the same.

    c. No Parties would be prejudiced by this extension as evidence by the fact that Defendants do not oppose this motion and will be providing a draft stipulation and order tomorrow.

        d.  I regrettably miscalculated the deadline for the Joint Pretrial Order or Plaintiff would have filed this motion yesterday. This is the first time to my recollection that I made this error during the course of this litigation.

Pursuant to NRS § 53.045, I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

        DATED: April 29, 2025

                                  */s/ Christopher M. Peterson*
                                  CHRISTOPHER M. PETERSON, ESQ

**MEMORANDUM OF POINTS AND AUTHORITIES**

Under the Nevada Rules of Civil Procedure, and the Local Rules, Parties typically have thirty days following the resolution of all pretrial motions to file a Joint Pretrial Order. NRCP 16.1(c); Local Rule 16-3. Plaintiffs are seeking an extension until May 29, 2025, to file this Joint Final Pretrial Order.

A motion to extend time filed after the deadline of the motion it seeks to extend must be supported by a showing of good cause and excusable neglect. Local Rule IA 6-1; Local Rule 26-3; Fed. Rules Civ. Proc.6(b)(1)(A). The party must also establish good cause, but good cause is not a rigorous or high standard. *Ahanchion v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

**I.     Good Cause**

The good cause analysis in part rests on a party's diligence in adhering to the deadlines set by the court. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). This measure of diligence considers the diligence displayed throughout the entire case. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The degree of prejudice to the opposing party may also be considered. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiffs have consistently met the deadlines set forth by this Court throughout this matter, and Defendants would suffer no prejudice from granting this motion evidenced by the fact that Defendants do not oppose this motion. In fact, approving this extension of time will only benefit the parties and judicial economy as it will allow the parties to attempt to settle this matter through mediation before continuing with litigation. Therefore, there is good cause to grant this motion to extend time.

**II.    Excusable Neglect**

Excusable neglect is an "elastic concept" and when determining whether the neglect is excusable a court will consider "the danger of prejudice to the [party not under scrutiny], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

5

whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

As previously stated, there is no danger of prejudice to Defendants here as Defendants do not oppose this motion and would mutually benefit from seeking mediation. The requested delay, 30 days, is also short. An extension of time, in this case, would allow the parties to pursue mediation which has the potential to free up judicial resources. The delay is due to counsels' miscalculation of the Pretrial Joint Order deadline which is a "garden variety claim of excusable neglect" commonly approved by courts. *Jones v. Filson*, 705 F. App'x 595, 596 (9th Cir. 2017); *see also Mendez v. Knowles*, 556 F.3d 757, 765 (9th Cir. 2009). Finally, Plaintiffs' bring this action in good faith, evidenced by the fact that counsel drafted and filed this motion for an extension of time as soon as they became aware of the mistake even though the drafters of this motion had conducted a seven-hour deposition today as well.

### III. Conclusion

As there is both good cause for an extension and reasonable neglect for the missed deadline, Plaintiffs' respectively request that this Court approve this unopposed motion to extend time to file a Joint Pretrial Order.

DATED: April 29, 2025

**AMERICAN CIVIL LIBERTIES UNION OF NEVADA**

/s/ *Jacob Smith*
CHRISTOPHER M. PETERSON, ESQ.
Nevada Bar No.: 13932
JACOB SMITH, ESQ
Nevada Bar No.: 16324
AMERICAN CIVIL LIBERTIES UNION OF NEVADA
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 718-3213
Emails: peterson@aclunv.org
jsmith@aclunv.org

IT IS SO ORDERED.

_____
U.S. MAGISTRATE JUDGE

Date: April 30, 2025